**Thomas E. TIERNEY, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 03–3187.

United States Court of Appeals, Federal Circuit.

DECIDED: April 21, 2004.

Kelly B. Weiss, Principal Attorney, Franklin E. White, Jr., Alan J. Lo Re, David M. Cohen, Cristina C. Ashworth, of Counsel, Washington, DC, for Respondent.

Thomas E. Tierney, for Petitioner.

Before RADER, DYK, and PROST, Circuit Judges.

RADER, Circuit Judge.

Petitioner Thomas E. Tierney filed the present petition for review of the final decision of the Merit Systems Protection Board (Board), dated January 14, 2003. The Board's decision upheld the Department of Justice's Immigration and Naturalization Service's (agency) decision to terminate Mr. Tierney's employment and rejected Mr. Tierney's whistleblowing defense and claim of disparate treatment. Because the Board did not err in reaching its decision, this court *affirms*.

## BACKGROUND

Petitioner worked with the agency's New York District Office as an immigration agent. In October 1998, the agency notified petitioner of his proposed termination for one instance of a failure to safeguard equipment issued by the service, two instances of disrespectful conduct, and two instances of giving a false statement to a superior. Petitioner responded to the proposed removal with oral objections. In May 1999, the deciding official sustained the removal action.

Petitioner appealed the removal to the Board. In the first initial decision, dated August 22, 2000, the administrative judge at the Board's New York field office sustained the agency's removal decision, finding that the agency proved three of the five allegations that formed the basis for the removal. Specifically, the administrative judge found that, in January 1998, petitioner left his INS-issued revolver and ammunition unattended in his vehicle in the secured parking area of the Ulster Correctional Facility, and thus failed to

safeguard equipment issued by the service. The administrative judge also held that, in response to the allegations of failing to safeguard Service-issued equipment, petitioner gave his superior a false statement in a memorandum by stating that Special Agent Cavallo had advised petitioner that he was allowed to store his firearm in his vehicle. Finally, the administrative judge found that petitioner had engaged in disrespectful conduct in May 1998 by berating and directing expletives at Special Agent Belyayev.

Petitioner appealed the first initial decision to the full Board for review. The Board remanded the appeal to the New York field office to adjudicate petitioner's affirmative defense of alleged reprisal for whistleblowing and his claim of disparate treatment. In a second initial decision, the administrative judge held that petitioner's letters to Senator Dodd did not constitute protected disclosures under the Whistleblower Protection Act (WPA). Alternatively, even if the letters were protected disclosures, the administrative judge found that the evidence in the record showed that the agency officials responsible for petitioner's removal were unaware of the letters at the time. Consequently, the letters could not have been a contributing factor in petitioner's removal.

Petitioner appealed again to the full Board, which dismissed his petition, making the prior two initial decisions final. Petitioner now seeks review of those decisions. In this petition, Mr. Tierney argues that the administrative judge denied petitioner a fair hearing by instructing him to present a sworn written statement instead of giving oral testimony, that the administrative judge denied petitioner a fair hearing by not allowing him to present character witnesses on his behalf, that the Board erred in finding the penalty of removal was appropriate, that the administrative judge improperly limited the scope of decision on remand to the whistleblowing and disparate treatment issues, and that the administrative judge erred in finding that his removal was not an agency action taken in retaliation for his alleged whistleblowing.

## DISCUSSION

This court must affirm the Board's decision unless it is (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedure required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir.1994). The job of this court is not to place itself in the shoes of the agency and second guess the agency's decisions. *See Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). As long as the record supports the Board's view of the facts, this court will not disturb the factual findings at this stage of the case. *See Parker v. United States Postal Serv.*, 819 F.2d 1113, 1115 (Fed.Cir.1987).

■ Petitioner first argues that he was denied a fair hearing because the administrative judge told him to submit a sworn statement rather than giving oral testimony and denied his right to present character witnesses. This court disagrees with petitioner's characterization of the proceedings below. Petitioner presented six witnesses in the hearing; the Government presented four. Petitioner has not identified any excluded witnesses or any effect their excluded testimony might have had on the outcome. After reviewing the record, this court finds no abuse of discretion by the administrative judge or the Board on this issue.

With regard to petitioner's sworn statement, petitioner misrepresents the proceedings below. The administrative judge

did not require petitioner to submit a sworn statement over petitioner's objections. The relevant portions of the hearing transcript clearly indicate that petitioner was "happy" to submit a sworn statement rather than oral testimony. In addition, the record shows that petitioner was not planning on providing any testimony until the administrative judge informed him that a negative inference could be drawn from his failure to submit at least a statement. Nothing in the record supports petitioner's argument that he was denied the right to provide an oral statement.

Next, this court finds that substantial evidence supports the administrative judge's findings regarding petitioner's conduct and the propriety of his removal. Petitioner focuses on the administrative judge's credibility findings. The testimony of Special Agent Cavallo directly contradicted the version of the facts in petitioner's statement. The administrative judge viewed Special Agent Cavallo's testimony as more consistent with other documentary evidence and, thus, found petitioner's statement lacked credibility.

■ This court finds that the administrative judge properly weighed the evidence and reached conclusions supported by a substantial portion of that evidence. The record in this case establishes that (1) petitioner failed to properly safeguard his INS-issued weapon and ammunition by leaving them in his vehicle while parked at the correctional facility, (2) engaged in disrespectful conduct by berating Special Agent Belyayev, and (3) provided a false statement to his superior by lying about Special Agent Cavallo advising petitioner that leaving his weapon in the car is allowed. Thus, viewing the record as a whole, the administrative judge properly concluded that the removal action was justified by the totality of the offenses proven by the agency.

Petitioner also argues that the administrative judge improperly limited the second hearing to the issues of his defense of reprisal and his claim of disparate treatment. The Board's remand opinion, however, clearly states that the case was remanded "so that the administrative judge can properly apprise the appellant of the burden of proof and then readjudicate the appellant's affirmative defense of reprisal." This court cannot think of a more clear statement. The second hearing was clearly intended to deal with only the reprisal and disparate treatment issues and to not include a readjudication of the basis for the removal action.

Petitioner also contends that the administrative judge erroneously concluded that the removal action was not done in retaliation for petitioner's accusatory letters to Senator Dodd. Under the WPA, an agency is prohibited from taking a personnel action in reprisal for an employee's disclosure that the employee reasonably believes evidences a violation of law, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8) (2000). The Board must rule in petitioner's favor if petitioner shows by preponderant evidence that a protected disclosure under 5 U.S.C. § 2302(b)(8) was a contributing factor in the adverse personnel action, unless the agency demonstrates by clear and convincing evidence that it would have taken the same action absent the disclosure. *See Briley v. Nat'l. Archives & Records Admin.*, 236 F.3d 1373, 1378 (Fed.Cir.2001).

■ The administrative judge concluded that petitioner's letters to Senator Dodd were not protected disclosures under the WPA. Alternatively, the administrative judge held that, even if the letters constituted protected disclosures, the officials responsible for petitioner's removal testified they were unaware of the letters at

the time of the removal. This court finds substantial evidence supports this conclusion. Even if the letters were protected disclosures, they could not have contributed to the decision to remove petitioner if the agency officials making the decision were not aware of the letters at the time. Petitioner's only argument against that finding consists of his contention that the administrative judge should not have believed the testimony of those officials. Such a credibility decision is within the discretion of the fact finder and is virtually unreviewable on appeal to this court.

Finally, this court finds all other arguments raised by petitioner unpersuasive. The record contains substantial evidence in support of all of the Board's factual findings. This court perceives no legal error in the Board's conclusions and finds no procedural violations in the Board's decision. Further, the record contains no indication that the Board or the administrative judges abused their discretion in any aspect of the proceedings below. Accordingly, this court affirms the final decision of the Board.